[Civ. No. 7158.   Fourth Dist.   Jan. 16, 1964.]

CITY OF PALM SPRINGS, Plaintiff and Respondent, v. WILLIAM O. BURT, Defendant and Appellant.

William O. Burt, in pro. per., for Defendant and Appellant.

Jerome J. Bunker, City Attorney, for Plaintiff and Respondent.

COUGHLIN, J.—Defendant and appellant is an attorney at law; was doing business as such in the City of Palm Springs, the plaintiff and respondent, during the fiscal year 1959-1960; and refused to pay a $75 annual license fee imposed by the city's licensing ordinance for that period. The city brought this action to recover the fee in question and obtained judgment against the defendant for the amount thereof, together with a prescribed penalty, from which he has appealed.

The subject ordinance was enacted as a revenue measure pursuant to section 37101 of the Government Code. The license fees paid thereunder, along with other taxes, become a part of the general fund. (See Gov. Code, §§ 41031, 43100, 43400, 43401.) From this fund the city pays its general expenses, including the cost of maintaining a public golf course.

The defendant contends that the maintenance of a public golf course is a nonmunicipal purpose; the taxing power conferred upon a city may be used only for a municipal purpose (*Rancho Santa Anita, Inc.* v. *City of Arcadia*, 20 Cal.2d 319, 323 [125 P.2d 475]; *City of Redwood City* v. *Myers*, 7 Cal.2d 283, 293 [60 P.2d 291, 108 A.L.R. 727]); and the ordinance in question is an invalid exercise of that power because the fees derived thereby, as a part of the general fund, are used for a nonmunicipal purpose.

Assuming, without deciding, that a city may not maintain a public golf course from its general fund, its doing so does not render invalid every ordinance levying a tax for general fund purposes. It is a matter of common knowledge that the general expenses of a city payable from the general fund include a wide variety of municipal purposes. The fact that a relatively small part of that fund may be used for a nonmunicipal purpose, per se, does not invalidate acquisition of the balance thereof that is used for municipal purposes.

To permit an attack upon the validity of an ordinance effecting payment of license fees into the general fund because unauthorized expenditures are made from that fund would unduly hinder the administration of proper municipal functions. Public policy dictates that such an attack not be permitted under the circumstances of this case, and that the authority of the city to maintain a public golf course with general fund proceeds should be challenged by other methods.

The record in the instant case does not establish what part of the license fees levied against the defendant will be used to maintain the subject golf course. If it be assumed that a licensee may trace the contemplated use of the fee chargeable against him by a licensing ordinance and properly refuse to pay that part thereof, if any, collectable for a nonmunicipal purpose, the evidence at hand does not establish a case for the defendant with respect to any specific part of the fee for which he is liable under the ordinance at hand.

The defendant also objects to the ordinance because a larger fee is imposed on an attorney than on a hotel. The

license fee for doing business as an attorney is $75 per annum; that for doing business as a hotel varies in accordance with the size of the hotel, *viz.*, three to six rooms - $25 per year; seven to twelve rooms - $50 per year; and thirteen or more rooms - $4.00 per room per year. The placement of these businesses in different classifications was not unreasonable. The mere fact that a higher license fee appears to be imposed on the one than on the other does not constitute unlawful discrimination. The defendant's contention to the contrary is without merit. (*Fox etc. Corp.* v. *City of Bakersfield,* 36 Cal. 2d 136, 142 [222 P.2d 879]; *Ex parte Haskell,* 112 Cal. 412, 416 [44 P. 725, 32 L.R.A. 527].)

■ In his attack upon the ordinance the defendant also levels a barrage of constitutional objections to many of its provisions. However, none of these provisions concern the license fee imposed upon him. Under these circumstances, he may not base his objection to the ordinance upon these grounds. (*Estate of Childs,* 18 Cal.2d 237, 244 [115 P.2d 432, 136 A.L.R. 333]; *Ramish* v. *Hartwell,* 126 Cal. 443, 451 [58 P. 920]; *In re Durand,* 6 Cal.App.2d 69, 70 [44 P.2d 367].) For this reason we deem it unnecessary to determine any of the contentions advanced respecting these matters.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 11, 1964.